**Hany Arafa El Sayed Mohamed TAMAN, Petitioner,**

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

No. 04–74024.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 **.

Filed Dec. 10, 2007.

Randall Hamud, Esq., Law Office of Randall B. Hamud, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Earle B. Wilson, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM ***

Hany Arafa El Sayed Mohamed Taman, a native and citizen of Egypt, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") order denying his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, and review de novo claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

We agree that Taman's evidence submitted to comply with the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988), was insufficient to demonstrate ineffective assistance of counsel. *See Reyes v. Ashcroft,* 358 F.3d 592, 597 (9th Cir.2004) (BIA does not abuse its discretion when it obligates petitioners to satisfy *Lozada* requirements). Taman's affidavit before the IJ and his bar complaint submitted before the BIA raise different contentions, and the California State Bar found insufficient cause for disciplinary action against former counsel.

The BIA did not abuse its discretion in dismissing Taman's appeal because Taman presented no documents with his motion to reopen before the IJ demonstrating his

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

marriage was bona fide. *See Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253, 256 (BIA 2002) (requiring inter alia, clear and convincing evidence of bona fide marriage in order for motion to reopen based on pending I–130 to be granted); *Malhi v. INS,* 336 F.3d 989, 994 (9th Cir.2003) (insufficient evidence of bona fide marriage under *Velarde–Pacheco* where petitioner submitted marriage certificate, wife's U.S. birth certificate, evidence of prior divorce, photos of wedding and I–130 receipt).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.